IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PETROLIA MOSS                                                                    PLAINTIFF

v.                                        Case No. 4:14-cv-04157

TEXARKANA ARKANSAS SCHOOL
DISTRICT; and THERESA COWLING,
BECKY KESLER, and ROBIN HICKERSON,
in their official and individual capacities                                      DEFENDANTS

## **ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint.  (ECF No. 8).

Plaintiff has filed a response.  (ECF No. 13).  Defendants have filed a reply.  (ECF No. 14).

Defendants assert that Plaintiff's claims against them should be dismissed for failure to timely effect

service under Federal Rule of Civil Procedure 4(m).  They also assert that they are entitled to a

dismissal under Federal Rules of Civil Procedure 4(a)(1), 4(b), 4(c)(1), and 4(l)(1).  The Court has

also considered Plaintiff's Motion to Extend Time to Effect Service.  (ECF No. 15).  Defendant has

filed a response.  (ECF No. 16).  The Court finds these matters ripe for its consideration.

Plaintiff filed her Complaint on November 26, 2014.  (ECF No. 1).  On June 2, 2015, the

Clerk entered a Show Cause Order, directing Plaintiff to show cause why the Complaint should not

be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m).  (ECF No. 5).

Plaintiff responded to the Show Cause Order on June 12, 2015, asserting that she was informed by

her union attorneys that there was not a substantial likelihood that she would prevail and she desires

time to hire an attorney that can handle her case.  (ECF No. 6).  On July 14, 2015, the Miller County

Sheriff's Department delivered to the Texarkana, Arkansas School District administration

receptionist a copy of Plaintiff's Complaint without a summons attached.  On July 30, 2015,

Defendants filed the present Motion to Dismiss Plaintiffs' Complaint.  (ECF No. 8).  Plaintiff later moved to extend time to effect service.  (ECF No. 15).

Plaintiff was proceeding pro se when she filed her lawsuit in November 2014.  Plaintiff later obtained an attorney who entered his appearance in August 2015.  There is no indication that Plaintiff attempted to serve any Defendant between the time she instituted this lawsuit and when she eventually attempted to serve the Texarkana, Arkansas School District nearly eight months later. There is nothing on the record that indicates any Defendant has yet been properly served.

Plaintiff argues that she has demonstrated good cause for failure to serve Defendants.  She asserts that her union attorneys obtained the summonses on December 2, 2014 but that they were not delivered to her until March 9, 2015, along with notice from the union attorneys that she needed to accomplish service on her own.  Plaintiff also argues that during the time she should have served Defendants, she was suffering and being treated for severe depression and other physical ailments and was unable to concentrate on how to further proceed.  Finally, she asserts that she attempted to obtain counsel and was unable to do so until August 2015.

Federal Rule of Civil Procedure 4 provides a deadline for proper service as well as court discretion for extension of the service deadline.  Rule 4(m) reads in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In deciding whether to extend the 120-day period, the Court must first determine whether good cause exists.  *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).  If the Court finds good cause for the delay, the Court must extend time for service, ending the inquiry.  *Id.*

2

If plaintiff fails to show good cause, the court still may extend the time for service rather than dismiss the case without prejudice if the Court finds excusable neglect. *Id.*

In determining whether good cause exists, the district court must focus primarily "on the plaintiff's reasons for not complying with the time limit in the first place." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (quotations omitted). "[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (3d ed. 2002)).

Plaintiff argues that she has demonstrated good cause because she was proceeding pro se, her health creates mitigating circumstances, and the union attorneys did not inform her of how to perfect service. While proceeding pro se is a factor to consider in determining whether good cause exists for an extension, pro se plaintiffs are not excused from complying with the Court's procedural rules. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam). Plaintiff's evidence demonstrates that the union attorneys informed her that she had to serve the Summons and Complaint within 120 days, and advised her to act quickly. Additionally, they informed her that professional process servers exist, offered to provide her with names of process servers, and advised her that service was best if done in person. The union attorneys' actions in this case do not demonstrate good cause for Plaintiff's failure to serve Defendants as the result of a third party's conduct.

Plaintiff has also presented evidence of medical records attempting to demonstrate that her medical status rendered her "unable to concentrate or focus on how to proceed further."  However, those records were created in January 2014.  After that time, she was successfully able to file a Complaint with the EEOC and file this lawsuit.  Additionally, she had clear guidance by the union attorneys of how to properly proceed.  Accordingly, the Court finds that Plaintiff has failed to demonstrate that she acted diligently or had mitigating circumstances sufficient for good cause such that an extension is mandatory.

Without a showing of good cause, the Court may, within its discretion, extend the time for service if Plaintiff can demonstrate excusable neglect. *Kurka*, 628 F.3d at 956.  The Eighth Circuit has described excusable neglect as "an 'elastic concept' that empowers courts to" provide relief where a party's failure to meet a deadline is "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (reviewing excusable neglect under Fed. R. Civ. P. 6(b)).  Factors the Court may consider in determining whether neglect is excusable include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay [the critical factor], including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'Ship*, 507 U.S. 380, 395 (1993)).

Because the judicial preference for adjudication on the merits is implicated here, the Court must weigh the effect on the party requesting the extension against the prejudice to the defendants. *See Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010) (finding the denial of a motion

4

to file out of time would have imposed on the appellees a severe penalty unmatched by any prejudice to the appellant).  The Court finds that the reason for the delay is a combination of Plaintiff's pro se status, inability to understand the rules of procedure, and adverse health circumstances.  She also indicated that she was attempting to contact counsel but was unable to do so, and her time for service was cut short by not receiving the summons for a period of time.  Additionally, the danger of prejudice here to Defendants is limited compared to the possibility that Plaintiff's claims would be out of time.  Any additional negative impact on the judicial proceedings is minimal.  At this stage in the litigation, Plaintiff has obtained an attorney who can properly carry out her service requirements.  An extension of the time for service, rather than a dismissal, is in the best interest of justice in this case.  The Court finds, in its discretion, that Plaintiff has demonstrated excusable neglect and her time to effect service should be extended.

Accordingly, Defendants' Motion to Dismiss (ECF No. 8) is hereby **DENIED**.  Plaintiff's Motion to Extend Time to Effect Service (ECF No. 15) is hereby **GRANTED**.  Plaintiff has 60 days from the date of the entry of this Order to serve Defendants.

**IT IS SO ORDERED**, this 24th day of September, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

5