IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PETROLIA MOSS                                                                                                PLAINTIFF

v.                                             Case No. 4:14-cv-4157

TEXARKANA ARKANSAS SCHOOL
DISTRICT; and THERESA COWLING,
BECKY KESLER, and ROBIN HICKERSON,
in their official and individual capacities                                                       DEFENDANTS

**ORDER**

Before the Court is Plaintiff Petrolia Moss's Motion to Strike Defendants' Summary Judgment Motion and Supporting Pleadings. (ECF No. 44). Defendants have filed a response to the motion. (ECF No. 46). The Court finds the matter ripe for consideration.

**I.  BACKGROUND**

This case is an employment-discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and the Arkansas Civil Rights Act. Plaintiff is an African American woman who previously worked for Separate Defendant Texarkana Arkansas School District as a teacher. Plaintiff alleges that Defendants engaged in discriminatory practices against her on the basis of race by suspending her without pay, imposing burdensome working conditions, engaging in harassment, and making her working conditions intolerable.

Defendants filed a motion for summary judgment, along with an accompanying brief in support and statement of facts. (ECF Nos. 34, 37-38). Plaintiff then filed the present motion to strike (ECF No. 44). Plaintiff argues that Defendants' statement of facts is improper because it is neither short nor concise as required by Local Rule 56.1, because it asserts "approximately 150 separate facts," some of which Plaintiff argues are irrelevant and immaterial. Plaintiff states that many of the itemized paragraphs in Defendants' statement of facts contain compound factual assertions, making it difficult for Plaintiff to respond. (ECF No. 44). Finally, Plaintiff argues that

"the facts asserted . . . [do] not meet the Court's requirement for citation to the record relied upon, where asserted facts may be found." (ECF No. 44). Plaintiff asks the Court to strike Defendants' motion for summary judgment and all supporting filings, and require that Defendants re-file the summary judgment motion with proper support.

Defendants filed a response in opposition to the motion. (ECF No. 46). Defendants argue that the number of factual assertions in their statement of facts is "directly related to the number of allegations being made by the Plaintiff." (ECF No. 46). Defendants state that Plaintiff's motion did not argue or allege that the facts "are inaccurate, wrong, inadmissible, or disputed." (ECF No. 46). Defendants argue that "[e]ach undisputed fact was specifically referenced by footnotes citing the sworn deposition testimony . . ., deposition date, and page and line where the testimony was located. Also cited were specific documents . . . attached to the Statement of Facts." (ECF No. 46). Defendants conclude that the Court should deny Plaintiff's motion to strike.

## II. DISCUSSION

Local Rule 56.1 for the United States District Courts for the Eastern and Western Districts of Arkansas provides that when a party moves for summary judgment, the motion must be accompanied by a "short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried." Local Rule 56.1 also provides that "all material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party." A "district court has considerable leeway in the application of its local rules . . . [and may] determine what departures from its rules may be overlooked." *Silberstein v. I.R.S.*, 16 F.3d 858, 860 (8th Cir. 1994).

Without pointing the Court to supporting caselaw, Plaintiff argues that Defendants' statement of facts violates Local Rule 56.1 because it is not short and concise. Plaintiff states that Defendants' 12-page statement of facts contains 29 "purported material facts," but that each fact is compound, resulting in "approximately 150 facts." Plaintiff argues that it is unreasonable for Defendants to

assert that "approximately 150" separate facts are material to this case, and that it is overly burdensome to require Plaintiff to sift through the numerous facts. Defendants argue in response that the number of factual assertions in their statement of facts is "directly related to the number of allegations being made by the Plaintiff." (ECF No. 46). The Court finds that Defendants' statement of facts is not improper under Local Rule 56.1's "short and concise" requirement. As stated above, Defendants' statement of facts is 12 pages in length. Although Defendants did not limit their factual assertions to one fact per paragraph, Plaintiff has failed to establish that this is so unreasonable as to constitute a violation of Local Rule 56.1.

Plaintiff's second argument is that Defendants' asserted facts are not supported with proper citations to the record, which creates an unreasonable burden on Plaintiff. Defendants argue in response that "each statement of undisputed material fact is referenced by the document or the deposition." (ECF No. 46). The Court finds that Defendants' asserted facts are properly cited. Although not every single sentence within each numbered paragraph is followed with a citation, there is at least one appropriate citation to the record in each numbered paragraph. In multiple paragraphs, uncited sentences are supported by a citation to the record found earlier or later in the same numbered paragraph. Therefore, the Court finds that Defendants' statement of facts should not be stricken.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion to Strike Defendants' Summary Judgment Motion and Supporting Pleadings (ECF No. 44) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 7th day of December, 2016.

/s/ Susan O. Hickey  
Hon. Susan O. Hickey  
United States District Judge