IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PETROLIA MOSS                                                                           PLAINTIFF

v.                                        Case No. 4:14-cv-4157

TEXARKANA ARKANSAS SCHOOL
DISTRICT; and THERESA COWLING,
BECKY KESLER, and ROBIN HICKERSON,
in their official and individual capacities                                             DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Strike Plaintiff's Exhibits #21, #13, and #10, Plaintiff's Statement of Material Facts, and Plaintiff's Response to Defendants' Statement of Material Facts (ECF No. 55). Plaintiff filed a response to Defendants' motion. (ECF No. 59). Defendants filed a reply in further support of the motion. (ECF No. 61). Also before the Court is Plaintiff Petrolia Moss's Motion to Substitute Affidavit (ECF No. 59).[1] The Court finds the matters ripe for consideration.

**I. BACKGROUND**

This case is an employment-discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and the Arkansas Civil Rights Act. Plaintiff is an African American woman who previously worked as a teacher for Separate Defendant Texarkana Arkansas School District. Plaintiff alleges that Defendants engaged in discriminatory practices against her on the basis of race by suspending her without pay, imposing burdensome working conditions, engaging in harassment, and making her working conditions intolerable.

Defendants filed a motion for summary judgment, along with an accompanying brief in

---

[1] Plaintiff did not file a separate motion for leave to substitute her affidavit, but instead included the request within her response to Defendants' motion to strike. Likewise, Defendants did not file a separate response to Plaintiff's motion to substitute, but instead addressed the argument within their reply in further support of their motion to strike.

support and statement of facts. (ECF Nos. 34, 37-38). Plaintiff filed a response to the motion, a brief in support, a statement of facts, and a response to Defendants' statement of facts. (ECF Nos. 47-50). Defendants then filed the present motion to strike. (ECF No. 55).

In the motion to strike, Defendants argue that the Court should strike Plaintiff's Exhibits #21, #13, and #10—all of which were filed as exhibits to Plaintiff's statement of facts—as well as Plaintiff's statement of facts and Plaintiff's response to Defendants' statement of facts. Plaintiff's response argues that the motion to strike should be denied, but asked the court in the alternative for leave to file a new affidavit to substitute in place of Exhibit #21. Defendants' reply opposes the filing of a new affidavit and reiterates Defendants' arguments regarding the other documents sought to be stricken.

## II.  DISCUSSION

Defendants' motion to strike seeks to exclude five documents filed by Plaintiff in opposition to summary judgment. The Court will now turn its analysis to each document.

### A. Exhibit #21

Plaintiff filed Exhibit #21—which purports to be her affidavit—as an exhibit to her statement of facts. (ECF No. 49-21). Defendants argue that Exhibit #21 should be stricken in its entirety because it is not a valid affidavit, or alternatively, that certain paragraphs should be stricken. Plaintiff contends Exhibit #21 should not be stricken, but in the alternative, moves for leave to file a revised affidavit in substitution of Exhibit #21. The Court's analysis of Exhibit #21 first requires an examination of whether it satisfies federal affidavit requirements. If it does not, the Court must then determine whether Plaintiff may file her revised affidavit in substitution of Exhibit #21.

#### 1. Validity of Purported Affidavit

Rule 56(c) of the Federal Rules of Civil Procedure instructs that affidavits may be

considered in ruling on a motion for summary judgment. *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005). "District courts properly exclude affidavits at the summary judgment level when the affidavits fail to conform to the federal rules." *See Boyce v. Interbake Foods*, No. Civ. 09-4138-KES, 2011 WL 3843948, at *3 (D.S.D. Aug. 26, 2011) (citing *Malone v. Ameren UE*, 646 F.3d 512, 512 (8th Cir. 2011)). "An affidavit, by definition, is a statement reduced to writing and the truth of which is sworn to before someone . . . authorized to administer an oath." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (internal quotation marks and emphasis omitted). A valid affidavit is signed, attested before a notary public, and bears a notary's seal. *Jenkins v. Winter*, 540 F.3d 742, 747 (8th Cir. 2008). However, "Rule 56, as amended in 2010, no longer requires a formal affidavit." *Banks v. Deere*, 829 F.3d 661, 668 (8th Cir. 2016). 28 U.S.C. § 1746 provides that an unsworn declaration may serve as an alternative to a formally attested affidavit if it is signed, dated, and states "under penalty of perjury" that the information within is true and correct. *Id.*

Defendants argue that Exhibit #21, which purports to be Plaintiff's affidavit, should be stricken in its entirety because it is unsigned, undated, and not notarized, and thus is inadmissible. Defendants argue in the alternative that if Exhibit #21 is not stricken in its entirety, 56 paragraphs in Exhibit #21 should be stricken in whole or in part, on various grounds. Plaintiff acknowledges that Exhibit #21, as filed, is unsigned and undated, and asks the Court for permission to file and substitute a "signed copy of her Affidavit, with slight revisions thereto in order to address some of the alleged deficiencies asserted by the Defendants in their Motion to Strike." (ECF No. 59).

Exhibit #21 does not meet the requirements for a valid affidavit. It is unsigned, undated, and does not bear a notary's stamp or seal. Thus, Exhibit #21 cannot be considered a valid, formal affidavit. *See Jenkins*, 540 F.3d at 747 (stating a valid affidavit is signed, attested before

a notary public, and bears a notary's seal); *Elder-Keep*, 460 F.3d at 984 (excluding affidavits that lacked signatures and attestation before a notary public). Additionally, Exhibit #21 cannot qualify as an unsworn declaration pursuant to 28 U.S.C. § 1746 because it is unsigned, undated, and is not sworn to be true "under penalty of perjury." *See Banks*, 829 F.3d at 668 (providing requirements for a valid unsworn declaration). Exhibit #21 is clearly defective and not in proper form under either permissible approach for federal affidavits. Therefore, the Court must now determine whether Plaintiff may file her revised affidavit in substitution of Exhibit #21.

### 2. Substitution of Revised Affidavit

"[A] district court has broad discretion in permitting a movant to supplement [an] affidavit and cure its defects." *Painters Dist. Council No. 2 v. Anthony's Painting, LLC*, No. 4:09-cv-1647 CDP, 2011 WL 4369283, at *1 (E.D. Mo. Sept. 19, 2011); *see also DG&G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009) ("The district court has broad discretion in permitting supplementation of the summary judgment record.").

Plaintiff asks the Court for permission to file and substitute a "signed copy of her Affidavit, with slight revisions thereto in order to address some of the alleged deficiencies asserted by the Defendants in their Motion to Strike." (ECF No. 59). Plaintiff does not point the Court to specific caselaw authorizing this substitution, but instead points to Federal Rule of Civil Procedure 56(e)(1), which states that "[i]f a party fails to properly support an assertion of fact . . . [they] may be given an opportunity to properly support . . . the fact." Defendants "object[] to the submission of the new Affidavit upon the same grounds previously relied upon herein in [the] original Motion to Strike." (ECF No. 61).

Plaintiff's revised affidavit is signed, contains attestment language, and bears a notary seal. (ECF No. 59-1). It rewords certain paragraphs to correct typographical errors and improve syntax and contains several additional paragraphs not found in the original "affidavit." The

4

Court notes that 7 paragraphs in Plaintiff's proffered revised affidavit appear to have been substantially altered in response to Defendants' specific requests to strike the corresponding paragraphs in Exhibit #21.

The Court finds that *Fox v. Brown Memorial Home, Inc.* and *Estate of Butler ex rel. Butler v. Maharishi University of Management* are instructive in resolving this issue. In *Fox*, the plaintiffs submitted an affidavit in support of their opposition to summary judgment. *Fox v. Brown Mem'l Home, Inc.*, No. 2:09-CV-915, 2010 WL 4983153, at *1 (S.D. Ohio Dec. 2, 2010). The defendants filed a motion to strike the affidavit because it was improperly signed and was not notarized. *Id.* The plaintiffs filed a motion for leave to substitute the affidavit, conceding that the original affidavit was improper and offering a properly signed and notarized affidavit. *Id.* The court noted that the amended affidavit differed in substance from the original affidavit, and declined to allow the plaintiffs to substitute a revised affidavit that made substantive alterations to the original.[2] *Id.* at *2. However, in the interest of justice, the court allowed the plaintiffs an opportunity to file a properly signed and notarized version of the original affidavit. *Id.*

In contrast, the *Butler* defendants filed a motion for partial summary judgment, and the plaintiffs filed multiple affidavits in support of their opposition to the motion. *Estate of Butler ex rel. Butler v. Maharishi Univ. of Mgmt.*, 589 F. Supp. 2d 1150, 1155 (S.D. Iowa 2008). One of the affidavits was improperly signed, and the defendants filed a motion to strike it. *Id.* at 1157 n.6. In response to the motion to strike, the plaintiffs attached a properly signed version of the affidavit. *Id.* The court permitted the plaintiffs to substitute this signed affidavit in place of the original, defective affidavit, noting that the substituted affidavit was "identical in all other

---

[2] The revised affidavit contained a statement in which a date differed from the date found in the corresponding statement in the original affidavit. *Id.* at *1.

respects to the affidavit . . . initially filed." *Id.* The defendants asked the court to nonetheless strike the affidavit, but the court declined to do so. *Id.*

The Court finds that the facts giving rise to the present issue in this case are similar to those of *Fox*. Defendants filed a motion for summary judgment, and as part of Plaintiff's response in opposition, she filed a purported affidavit that was improper in form. Defendants filed a motion to strike, and Plaintiff then asked the Court for permission to substitute a revised affidavit in place of the original. However, the tendered revised affidavit contains substantial revisions to certain paragraphs that differ from the language of the original affidavit.

The Court would have no issue with allowing a substitution if, like in *Butler*, Plaintiff's tendered revised affidavit was identical to her original affidavit in all aspects except the corrections to the signature and notarization deficiencies. However, certain language in Plaintiff's revised affidavit is substantially different from that in the original affidavit, much like in *Fox*. The Court is troubled by the notion of allowing Plaintiff to, in effect, use Defendants' motion to strike as a tool by which to strengthen the language of her affidavit. The Court will not permit Plaintiff to alter the substance of her original affidavit. Thus, the Court will not allow Plaintiff to substitute her revised affidavit (ECF No. 59-1) for the original. However, Plaintiff will be permitted to file a new affidavit in compliance with federal affidavit requirements, but only if there is no substantive alteration from the original affidavit. The Court finds that substitution of the defective affidavit with a properly signed, attested, and notarized affidavit that is otherwise identical will not prejudice Defendants and will serve the interest of justice in resolving this case on the merits.

Accordingly, Defendants' Motion to Strike (ECF No. 55) is hereby **GRANTED** with respect to Exhibit #21. Exhibit #21 (ECF No. 49-21) is hereby **STRICKEN** from the record. Plaintiff's Motion to Substitute (ECF No. 59) is **GRANTED IN PART**. Plaintiff may file a new

affidavit within **fourteen (14) days** from the date of this Order. If Plaintiff files a new affidavit consistent with this Order and Defendants wish to file a new motion to strike with respect to the new affidavit, they must do so within **ten (10) days** from the date the new affidavit is filed.

### B. Exhibit #13

Plaintiff filed Exhibit #13—an Internet webpage discussing why soy milk should never be consumed—as an exhibit to her statement of facts. (ECF No. 49-13). Defendants argue that Exhibit #13 should be stricken because it is irrelevant and constitutes inadmissible hearsay. Plaintiff concedes that Exhibit #13 is not admissible by itself, but argues that the exhibit should not be stricken because it establishes that Plaintiff can prove at trial that she did not make inaccurate or improper statements regarding soy milk to her science class on October 16, 2013.

Pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure, a party may object that "material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Harleysville Worchester Ins. Co. v. Diamondhead Prop. Owners Ass'n, Inc.*, No. 6:12-cv-6057-SOH, 2013 WL 392478, at *4 (W.D. Ark. Jan. 31, 2013). When such an objection is made, the party offering the evidence must either show that the material is admissible as presented, or explain "the admissible form that is anticipated." *Id.* (quoting *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012)). The standard for admissibility at the summary-judgment stage is not whether the evidence would be admissible at trial, but rather whether it *could* be presented at trial in an admissible form. *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012).

Defendants argue Exhibit #13 should be stricken because it is irrelevant and inadmissible hearsay. Hearsay is an out-of-court statement offered to "prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Exhibit #13 is an Internet webpage dated December 18, 2014, authored by "Lauren." The webpage discusses 10 reasons why soy milk should never be

consumed.

The Court finds that the contents of Exhibit #13 are hearsay. However, hearsay is admissible if it meets one of the exceptions provided by the Federal Rules of Evidence. Fed. R. Evid. 802. Plaintiff does not argue the existence of an applicable exception to the rule against hearsay that would allow for the admission of the webpage, and the Court is not aware of one. In fact, Plaintiff's response to the motion to strike concedes that Exhibit #13 is "not itself admissible." (ECF No. 59). Plaintiff instead argues that this webpage "proves Plaintiff's statement correct," and, taken "together with other facts," goes to the issue of whether Plaintiff's in-class soy discussion was a pretext for racial discrimination. The Court finds Plaintiff's arguments unpersuasive. Therefore, Defendants' Motion to Strike (ECF No. 55) is hereby **GRANTED** with respect to Exhibit #13. Exhibit #13 (ECF No. 49-13) is hereby **STRICKEN** from the record.

### C. Exhibit #10

Plaintiff filed Exhibit #10—two September 25, 2013 emails sent to Plaintiff by a parent of one of Plaintiff's students—as an exhibit to her statement of facts. (ECF No. 49-10). Defendants argue that Exhibit #10 should be stricken because it constitutes inadmissible hearsay from a third party. Plaintiff argues in response that "Plaintiff's Affidavit is indeed stated on personal knowledge, not hearsay." (ECF No. 59). Plaintiff argues in the alternative that even if Exhibit #10 is hearsay, it cannot be stricken because it "establish[es] that the evidence referred to therein can be presented in an admissible form at trial." (ECF No. 59).

As stated in the above section, a party may object that "material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Harleysville Worchester Ins. Co.*, No. 6:12-cv-6057-SOH, 2013 WL 392478, at *4. When such an objection is made, the party offering the evidence must either show that the material is admissible as

8

presented, or explain "the admissible form that is anticipated." *Id.* The standard for admissibility of evidence for consideration at the summary-judgment stage is not whether the evidence would be admissible at trial, but rather whether it *could* be presented at trial in an admissible form. *Gannon Int'l, Ltd.*, 684 F.3d at 793.

The Court believes Plaintiff intended to argue that Exhibit #10, rather than her affidavit, is based on personal knowledge and is not hearsay. The Court disagrees. The emails are out-of-court statements, and Plaintiff has offered no other alternative purpose for offering them as an exhibit. Thus, the Court finds Exhibit #10 to be hearsay. Plaintiff does not argue that a hearsay exception applies to allow the admission of the emails. Therefore, the Court finds Exhibit #10 is inadmissible hearsay. Regarding Plaintiff's claim that Exhibit #10 shows that the evidence therein may be presented in admissible form at trial, Plaintiff has not explained the admissible form anticipated. The parent who sent the email has not been designated as a potential witness in either of Plaintiff's witness disclosures. (ECF No. 61-1, 61-2). Accordingly, Defendants' Motion to Strike (ECF No. 55) is **GRANTED** with respect to Exhibit #10. Exhibit #10 (ECF No. 49-10) is hereby **STRICKEN** from the record.

**D. Plaintiff's Statement of Facts and Response to Statement of Facts**

Finally, Defendants ask the Court to strike Plaintiff's statement of facts (ECF No. 49) and Plaintiff's response to Defendants' statement of facts. (ECF No. 48). Defendants argue that the statement of facts recite "virtually the same language as used in . . . [Plaintiff's] affidavit," and that both filings do not contain citations to the record. Plaintiff argues that the documents "are adequately stated on personal knowledge and are supported in the record." (ECF No. 59).

Because these two documents rely heavily on and cite to Plaintiff's purported affidavit, the Court will not address the issue of whether to strike these documents at this time. The Court finds that Plaintiff must first have an opportunity to file a new, valid affidavit, consistent with

this Order. If Defendants wish to file a new motion to strike with respect to these documents, they must do so within **ten (10) days** from the date Plaintiff files a new affidavit or the date Plaintiff's deadline to file passes, whichever occurs first.

### III.  CONCLUSION

For the reasons stated above, Defendants' Motion to Strike (ECF No. 55) is **GRANTED IN PART** and Plaintiff's Motion to Substitute Affidavit (ECF No. 59) is **GRANTED IN PART**. Plaintiff's Exhibits #21, #13, and #10 (ECF Nos. 49-21, 49-13, 49-10) are hereby **STRICKEN** from the record.

**IT IS SO ORDERED**, this 20th day of December, 2016.

/s/ Susan O. Hickey  
Hon. Susan O. Hickey  
United States District Judge