IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


PETROLIA MOSS                                                                            PLAINTIFF


v.                                        Case No. 4:14-cv-4157


TEXARKANA ARKANSAS SCHOOL
DISTRICT; and THERESA COWLING,
BECKY KESLER, and ROBIN HICKERSON,
in their official and individual capacities                                          DEFENDANTS


## ORDER

Before the Court is Defendants' Motion to Strike Plaintiff's Substituted Affidavit and Plaintiff's Statement of Material Facts.  (ECF No. 65).  Plaintiff Petrolia Moss filed a response. (ECF No. 66).  Also before the Court is Plaintiff's Motion to Substitute Affidavit.[1]  (ECF No. 66). The Court finds the matters ripe for consideration.

## I.  DISCUSSION

This case is an employment-discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and the Arkansas Civil Rights Act.  Plaintiff is an African-American woman who previously worked as a teacher for Separate Defendant Texarkana Arkansas School District.  Plaintiff alleges that Defendants engaged in discriminatory practices against her on the basis of race by suspending her without pay, imposing burdensome working conditions, engaging in harassment, and making her working conditions intolerable.

Defendants ask the Court to strike Plaintiff's affidavit (ECF No. 64), her statement of material facts (ECF No. 49), and her response to Defendants' statement of material facts (ECF No. 48).  The Court will address each in turn.

---

[1] Plaintiff did not file a separate motion for leave to substitute her affidavit, but instead included the request within her response to Defendants' motion to strike.

**A. Plaintiff's Affidavit**

On June 1, 2016, Defendants filed a motion for summary judgment, along with an accompanying brief in support and statement of facts.  (ECF Nos. 34, 37-38).  Plaintiff filed a response to the summary judgment motion, a brief in support, a statement of facts, and a response to Defendants' statement of facts.  (ECF Nos. 47-50).  Defendants then filed a motion to strike several of Plaintiff's supporting documents, including Plaintiff's affidavit, which was unsigned, undated, and not notarized.  (ECF No. 55).  Plaintiff filed a response to the motion to strike, arguing that the affidavit should not be stricken, or in the alternative, that the Court should allow Plaintiff to substitute a new affidavit.  (ECF No. 59).  Plaintiff's proposed substituted affidavit was signed, contained attestment language, and bore a notary seal, but contained alterations to seven of the original affidavit's paragraphs based on Defendants' arguments in their motion to strike.

The Court granted Defendants' motion to strike with respect to the original affidavit, reasoning that the affidavit did not comply with federal affidavit requirements.  The Court also ruled that Plaintiff would not be allowed to substitute a revised affidavit that made substantive alterations to the original.  However, the Court gave Plaintiff fourteen days to file a properly signed and notarized affidavit that was "otherwise identical" to the original affidavit.

On December 28, 2016, Plaintiff timely filed a new affidavit to be substituted in place of the original affidavit.  (ECF No. 64).  This new affidavit altered fifteen paragraphs from the language found in the original affidavit, including the addition and deletion of entire sentences, a paragraph, and the alterations of names and dates.  On January 6, 2017, Defendants filed the instant motion, asking the Court to strike Plaintiff's new affidavit in its entirety for failure to comply with the Court's order, or in the alternative, to strike certain paragraphs on various grounds.  Defendants' motion also asks the Court to strike Plaintiff's statement of material facts and her response to Defendants' statement of material facts.

On January 20, 2017, Plaintiff filed a response, conceding that the new affidavit did not

comply with the Court's instruction that it must be signed and notarized, but "otherwise identical" to the original affidavit.  (ECF No. 66).  Plaintiff explains that Plaintiff's counsel emailed the affidavit to her to sign and return.  She made material alterations to certain paragraphs of the affidavit before signing and returning it to counsel.  Plaintiff's counsel states that Plaintiff did not inform him that she made alterations to the affidavit.  Plaintiff's counsel later filed the affidavit without reading over it to ensure that the affidavit's language complied with the Court's instructions that the new affidavit be "otherwise identical" to the original affidavit.  Plaintiff now asks the Court for leave to file another affidavit, substituting it in place of the original.  Plaintiff maintains that this proposed affidavit will be identical to the original affidavit, corrected only to include her signature and a notary seal.

Upon consideration, the Court finds that good cause for Plaintiff's motion to substitute affidavit has not been shown.  Despite having no obligation to do so, the Court gave Plaintiff an opportunity to substitute a new affidavit after the Court struck her original affidavit on December 20, 2016.  The Court explicitly stated that this new affidavit must be identical in all respects to the original affidavit, except for the addition of a signature and notary seal.  Plaintiff then filed a new affidavit containing substantial alterations to fifteen paragraphs, including the addition, deletion, and revision of sentences, paragraphs, names, and dates.[2]  This new affidavit is in clear violation of the Court's order that it be

"otherwise identical" to the original affidavit.  Plaintiff also asks the Court to allow the filing of a new affidavit in substitution, which if granted, would necessitate allowing Defendants the opportunity to file a third motion to strike.  This affidavit cycle has delayed the Court's ruling on Defendants' summary judgment motion for over a month, and the trial of this matter is approaching.[3]

---

[2] The Court finds the addition of a date in the recently filed affidavit to be particularly egregious, given that the Court's previous order gave an example of an improper, substantial alteration to a substituted affidavit in the form of a date being altered from the original.

[3] Trial is set for March 27, 2017.

Accordingly, the Court finds that Plaintiff's affidavit (ECF No. 64) should be and hereby is **STRICKEN** in its entirety. Additionally, the Court will not permit Plaintiff to file another affidavit in substitution.

### B. Plaintiff's Statement of Material Facts

Defendants ask the Court to strike Plaintiff's statement of material facts. Defendants argue that the statement of facts should be stricken because it relies entirely on Plaintiff's affidavit, is self-serving, and fails to contain citations to the record to support the factual assertions. In the alternative, Defendants move to strike certain paragraphs on various grounds. Plaintiff directs the Court to her argument in response to Defendants' first motion to strike: that the statement of facts should not be stricken because it is adequately stated on personal knowledge and is supported by the record.

Federal Rule of Civil Procedure 56(c)(1) provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to materials in the record or by showing either that the cited materials do not establish the absence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact.

The Court finds that all sixty-seven numbered paragraphs[4] in Plaintiff's statement of material facts cite to her affidavit. However, forty-four of the sixty-seven paragraphs contain at least one other citation to another document in the record. The Court will consider stricken the twenty-three paragraphs in Plaintiff's statement of facts (ECF No. 49) that cite solely to Plaintiff's now-stricken affidavit, and will not consider these paragraphs for summary judgment purposes.[5] The Court will consider the remaining paragraphs in its summary judgment determination to any extent that they are

---

[4] The Court finds some of these paragraphs to be unnecessary because they echo facts set out in Defendants' statement of facts. Local Rule 56.1 specifies that a non-moving party's statement of facts should include only the facts that the non-moving party contends are in dispute.

[5] These paragraphs are Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 15, 21, 22, 23, 29, 34, 36, 38, 49, 58, 60, 61, and 62.

properly supported by admissible evidence found within the record.[6]

### C. Plaintiff's Response to Defendants' Statement of Material Facts

In addition to a statement of material facts, Plaintiff also filed a response to Defendants' statement of undisputed facts, addressing the assertions made in Defendants' statement of facts by admitting or denying each. Defendants ask the Court to strike this response. Defendants argue that the response should be stricken because it relies entirely on Plaintiff's affidavit and does not cite specifically to admissible testimony that would create a fact dispute. In the alternative, Defendants move to strike certain paragraphs on various grounds. Plaintiff directs the Court to her argument in response to Defendants' first motion to strike: that the response should not be stricken because it is adequately stated on personal knowledge and is supported by the record.

Federal Rule of Civil Procedure 56(c)(1) provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to materials in the record or by showing either that the cited materials do not establish the absence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Local Rule 56.1 provides that a non-moving party shall file, in addition to any response and brief, a short statement of only the material facts which the non-moving party contends are in dispute.

Rather than file a single document stating only the material facts which she contends are in dispute, Plaintiff filed a statement of all facts she feels are relevant to this matter, as well as a separate response admitting or denying all of Defendants' asserted facts. Plaintiff's response to Defendants' statement of facts cites to specific paragraphs in her own statement of facts for any denial of Defendants' assertions. This violates Local Rule 56.1, which calls for the non-moving party to file a single statement of only the facts the non-moving party contends are in dispute.

Despite this, the Court will allow Plaintiff's attempt to controvert Defendants' asserted facts

---

[6] The Court notes that a number of the factual assertions in Plaintiff's statement of material facts contain opinions, conclusions of law, or other narrative claims which are inappropriate for a statement of facts. The Court will not consider any of these statements in its summary judgment determination.

5

through a response that cites to her own statement of facts. *See Silberstein v. I.R.S.*, 16 F.3d 858, 860 (8th Cir. 1994) (stating that a "district court has considerable leeway in the application of its local rules . . . [and may] determine what departures from its rules may be overlooked").  However, as discussed above, the Court has stricken Plaintiff's affidavit, which is cited heavily by her statement of facts.  The effect of this is that numerous paragraphs in her statement of facts are now wholly without support, in violation of Federal Rule of Civil Procedure 56.  As a result, the Court will not consider the twenty-three unsupported paragraphs in Plaintiff's statement of facts.  The Court will likewise disregard for summary judgment purposes any of Plaintiff's denials of Defendants' asserted facts that cite to the disregarded paragraphs in her own statement of facts.  The Court will consider any of Plaintiff's denials of Defendants' factual assertions that cite to paragraphs in her own statement of facts which are properly supported by admissible evidence found within the record.

## II.  CONCLUSION

For the reasons discussed above, the Court finds that Defendants' Motion to Strike (ECF No. 65) should be and hereby is **GRANTED IN PART**.  Plaintiff's affidavit (ECF No. 64) is ordered **STRICKEN** from the record.  Plaintiff's Motion for Leave to Substitute Affidavit (ECF No. 66) is hereby **DENIED**.  The Court will not consider for summary judgment purposes the twenty-three paragraphs in Plaintiff's statement of facts (ECF No. 49) that cite solely to Plaintiff's now-stricken affidavit.  The Court will likewise disregard for summary judgment purposes the portions of Plaintiff's response to Defendants' statement of facts (ECF No. 48) that cite solely to the twenty-three disregarded paragraphs in her own statement of facts.

**IT IS SO ORDERED**, this 31st day of January, 2017.


/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

6